IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:17CV51-RJC-DSC

| | |
|---|---|
| MILES WALKER, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **OF REMAND** |
| NANCY A. BERRYHILL,[1] ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
|     Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 17, 2017. He assigns error to the Administrative Law Judge's (ALJ) step four determination that he could perform his past relevant work (PRW) and to her step five determination that he had acquired transferable skills in his PRW. Plaintiff's Memorandum at 1-2, 6-11 (document #12). The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time prior to the expiration of his insured status.[2] Before turning to the fourth step of the sequential evaluation process, the ALJ assessed Plaintiff's Residual Functional Capacity ("RFC")[3]. She found that he

---

[2]Plaintiff's date last insured was December 31, 2014. Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[3]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of

could perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with additional postural and environmental limitations (Tr. 22). Based upon this RFC assessment, the ALJ determined at step four that Plaintiff was able to perform his past relevant work as a night auditor. (Tr. 26). At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ alternatively determined that Plaintiff could perform other work existing in the national economy. (Tr. 26-27).

Defendant concedes that Plaintiff's PRW was a composite job that included some duties of the position of "auditor." Therefore, the ALJ should not have considered it in her step four analysis. See Defendant's Memorandum at 4 (document #19). See also Taylor v. Colvin, No. 1:14CV629, 2015 WL 4726906, at *4 (M.D.N.C. Aug. 10, 2015); Shealy v. Colvin, No. CIV.A. 8:13-2383-RMG, 2015 WL 467726, at *13 (D.S.C. Feb. 4, 2015) ("[I]f Plaintiff's past job was in fact a composite job, the [Administration's regulations] … prohibited the ALJ from deciding whether Plaintiff could perform his past relevant work as it is generally performed.")

Defendant argues that this error was rendered harmless by the ALJ's alternative determination at step five that there were other jobs that Plaintiff could perform. Plaintiff is over fifty-five years old with a sedentary RFC. In this situation, the Administration's Regulations direct a finding of disability unless Plaintiff obtained skills in his PRW that are transferable to other jobs within his RFC. See SSR 82-62; 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 2, §§ 202.00-202.22 (1989) (the "Grids") (Medical Vocational Guidelines Rules 201.06 and 201.07). The ALJ was required to determine whether Plaintiff had any transferrable skills in order to make the step five determination.

---

[the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

4

As the Defendant concedes, "the ALJ and the [Vocational Expert] were careful to specify that the hypothetical questions and the VE's testimony that Plaintiff could perform other work did *not* depend on a finding that Plaintiff had transferrable computer skills (Tr. 62-66)." See Defendant's Memorandum at 5 (emphasis in original). The ALJ's failure to find transferable skills renders her decision unsupported by substantial evidence. Shealy, 2015 WL 467726, at *14.

For this reason, the undersigned respectfully recommends that this matter be remanded for a new hearing.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #17) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 9, 2017

_____
David S. Cayer
United States Magistrate Judge