# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:17-CV-00051-RJC-DSC

| | |
|---|---|
| MILES WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11); his Memorandum in Support, (Doc. No. 12); Defendant's Motion for Summary Judgment, (Doc. No. 18); their Memorandum in Support, (Doc. No. 19); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 21), recommending that this Court grant Plaintiff's motion. Defendant has filed an objection to the Magistrate Judge's M&R, (Doc. No. 22), and Plaintiff has filed a Reply, (Doc. No. 23).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the procedural or factual background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." Id. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72, advisory committee note).

When reviewing social security cases on appeal, the Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has

been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Defendant objects to the Magistrate Judge's M&R, which recommends the Court remand this case pursuant to Sentence Four of 42 U.S.C. §405(g). In doing so, the M&R concluded that the ALJ erred when she failed to realize that Plaintiff's past work as a Night Auditor actually qualified as a composite job. (Doc. No. 21 at 4). The Magistrate Judge found that the ALJ should not have considered that job during the Step Four analysis. Furthermore, the Magistrate Judge concluded that during her alternate Step Five conclusion, the ALJ failed to determine whether Plaintiff had any skills from his past relevant work that are transferrable to other jobs within his determined RFC. (Id. at 5). The Magistrate Judge specifically noted Defendant's concession that "the ALJ and the [Vocational Expert] were careful to specify that the hypothetical questions and the VE's testimony that Plaintiff could perform other work did *not* depend on a finding that

Plaintiff had transferrable computer skills." (Id.) (quoting (Doc. No. 19 at 5) (emphasis in original)).

In their original memorandum in support of summary judgment, Defendant argued that, even if the ALJ erroneously considered Plaintiff's past composite job during Step Four, it was nonetheless a harmless error because the ALJ included an alternate Step Five determination. In this alternative conclusion, the ALJ found that Plaintiff could perform other work in the national economy. (Doc. No. 19 at 2). In their objection to the M&R, Defendant now argues that the Magistrate Judge incorrectly assumed that the ALJ found Plaintiff had no transferrable skills from his past relevant work during Step Five. (Doc. No. 22 at 2–3). While the ALJ determined that Plaintiff had no transferrable computer skills, she nonetheless determined that Plaintiff had other relevant transferrable skills. Defendant quotes the ALJ's opinion, which stated:

> The claimant has acquired work skills from past relevant work (20 CFR 404.1568). The vocational expert testified that the claimant's past relevant work as a Night Auditor was skilled with a specific vocational preparation (SVP) code of 5 and required the following skills: organizing and managing, comparing facts and data, inspecting and recording facts, using office equipment, and keeping records. As examples of jobs to which these skills would transfer, he suggested simple account clerks.

(Id. at 3) (quoting (Tr. 27)). After determining that customer service and telemarketer jobs constituted jobs that a person of Plaintiff's age, education, and transferrable skills could perform, the ALJ also stated:

> Based on the testimony of the vocational expert, I conclude that the claimant had acquired work skills from past relevant work that were transferrable to other occupations with jobs that existed in significant numbers in the national economy. The vocational expert testified the claimant's previous work is so similar to the jobs recited above that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

(Id.) (quoting (Tr. 28)).

Thus Defendant concludes that "[t]he ALJ discussed Plaintiff's transferrable skills in the written decision and with the vocational expert at the hearing" and argues that this Court should therefore decline to adopt the Magistrate Judge's M&R. (Id.). As such, Defendant maintains that the Magistrate Judge overlooked the ALJ's conclusion that Plaintiff had transferrable skills of "organizing and managing, comparing facts and data, inspecting and recording facts, using office equipment, and keeping records." (Tr. 27). It was off of these skills that the ALJ determined that Plaintiff could perform the rolls of Account Information Clerk, (DOT #216.362-014); Customer Service, (DOT #239.362-014); and Telemarketer, (DOT #299.357-014). (Id. at 27). Defendant also cites Scott v. Colvin, where the Court held in a footnote that the ALJ in that case made a harmless error at Step Four when it was followed by an alternative Step Five finding. No. 3:14-CV-491-RJC, 2015 WL 5567572, at *2 n. 2 (W.D.N.C. Sept. 22, 2015).

After review of the M&R; the parties' motions and memoranda; the administrative record; and the law, the Court agrees with the Magistrate Judge's recommendation, albeit for a different reason. To begin with, no party disputes that the ALJ erred in Step Four of her analysis when she failed to treat Plaintiff's past work as a Night Auditor as a composite job that included some tasks of an auditor, but also featured others such as laundry, cleaning, security, repairs, and preparing breakfast counters. (Tr. 51–52). That being said, the Court finds that the ALJ's alternative Step Five conclusion cannot be considered harmless when it was based on the prior Step Four error.

As the Magistrate Judge correctly pointed out, at Step Five "the Administration's Regulations direct a finding of disability unless Plaintiff obtained skills in his [past relevant work] that are transferable to other jobs within his RFC." (Doc. No. 21 at 4) (quoting SSR 82-62; 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 2, §§ 202.00-202.22 (1989) (the "Grids")

(Medical Vocational Guidelines Rules 201.06 and 201.07)). The Magistrate Judge then emphasized that the ALJ and VE did not find transferrable computer skills specifically. (Id. at 5). The Court, however, takes issue with another problem. Yes, the ALJ did find other transferable skills in her Step Five conclusions. However, she derived those skills from an incorrect analysis of Plaintiff's past relevant work. (Tr. 27). The ALJ specifically stated that the skills listed in Step Five were from Plaintiff's past relevant work as a Night Auditor when in fact Plaintiff performed a composite job. (Id.). As such, the Court cannot accept the alternate Step Five conclusion to excuse her Step Four finding as harmless error. The alternate Step Five findings are rooted in the Step Four error.

Scott v. Colvin does not persuade the Court that the alternate Step Five finding renders the ALJ's prior error harmless, either. In Scott, the ALJ found that the claimant had not performed her past relevant job at substantial gainful levels and therefore should not have thereafter found that the claimant was capable of performing past relevant work. 2015 WL 5567572, at *2 n.2. Therefore, the ALJ in Scott did not misconstrue the nature of the claimant's past work and what skills were acquired therefrom so much as the ALJ erred in determining how long the claimant performed that job. Determining the transferability of Plaintiff's skills acquired in his past relevant work necessarily requires an accurate analysis of Plaintiff's past relevant work. Here, the ALJ's error in Step Four directly impacts the assessment of Plaintiff's past relevant work.

Even in the face of a composite job, an ALJ may determine in Step 5 that Plaintiff can use skills she gained from a composite job to adjust to other work. The Administration's Program Operations Manual System ("POMS") at DI: 25005.020(B). However, the ALJ must first properly recognize that composite job. As such, the Court reverses and remands this case because the ALJ's

Step Five analysis relied upon a job title of Night Auditor as past relevant work when Plaintiff actually performed a composite job.

## IV. CONCLUSION

On remand, the ALJ is directed to conduct a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g), take any action necessary to complete the administrative record, and issue a new decision consistent with Social Security regulations and this Order. Specifically, the ALJ is directed to reevaluate Step Four and Step Five of the Sequential Evaluation Process in light of the fact that Plaintiff's past relevant work qualifies as a composite job.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 18), is **DENIED**;

3. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 21) is **AFFIRMED**; and

4. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order.

Signed: February 21, 2018

_____
Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.