**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:17-CV-0051-RJC-DSC**

| | |
|---|---|
| **MILES WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [EAJA]" (document #26) as well as the parties' associated briefs and exhibits.

Defendant "does not dispute that Plaintiff is entitled to an award under the EAJA." "Defendant's Response … at 1 (document #29). "Defendant does not dispute that Plaintiff was the prevailing party; that Defendant's position in the underlying litigation was unjustified; or that Plaintiff is procedurally eligible for EAJA fees. However, it is Defendant's position that the number of hours requested by Plaintiff are excessive and warrants reduction." Id. at 2.

The Court has carefully reviewed the parties' arguments, the authorities, and the record, For the reasons stated in Plaintiff's Motion and briefs, and in light of this Court's Order and Judgment remanding this case for further proceedings, the Court concludes that Plaintiff is a prevailing party and that Defendant's position in this litigation was not substantially justified within the meaning of the EAJA, 28 U.S.C. § 2412(d)(1)(A).

Pursuant to the power of this Court to award fees to a prevailing party under the EAJA incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act" (document #26) is **GRANTED**. Defendant shall pay attorney's fees and costs in the amount of $6,013.28 in full satisfaction of any and all claims Plaintiff may have under the EAJA.

Pursuant to the United States Supreme Court's decision in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), attorney's fees are payable to Plaintiff as the prevailing party, and subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt he may owe to the Government.

Defendant shall determine whether Plaintiff owes a debt to the United States within thirty days of this Order. If so, the debt will be satisfied first, and if any funds remain they will be made payable to Plaintiff and mailed to counsel. If the United States Department of the Treasury reports that Plaintiff does not owe a federal debt, the Government shall pay the fees awarded directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

The Clerk is directed to send copies of this Order to counsel of record <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: June 18, 2018

David S. Cayer
United States Magistrate Judge